

**FILED**

March 23, 2020

TAMARA CHARLES
CLERK OF THE COURT

**IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| Mary L. Moorhead, Mario Moorhead and Gregory E. Miller | SX-13-CV-348 |
| Plaintiffs, | ACTION FOR INJUNCTIVE RELIEF |
| v. | |
| Gov. Albert Bryan, Raquel Berry-Benjamin, Commissioner, V.I. Dept. of Education and V.I. Board of Education. | |
| Defendants. | |

**Cite as: 2020 VI Super46U**

**Appearances:**

**Mary L. Moorhead, Pro Se**
**Mario Moorhead, Pro Se**
**Gregory L. Miller, Jr, Pro Se**
Christiansted, V.I. 00820

**Christopher M. Timmons, Esq.,**
**Assistant Attorney General**
**Department of Justice**
*Attorney for Defendants*
Christiansted, V.I. 00820

**OPINION ORDER**

**Meade, Judge**

¶ 1. This matter is before the Court on Defendants' Motion for Summary Judgment and Plaintiffs' objection as referenced in Plaintiffs' Trial Memorandum. For the reasons outlined below, the Motion for Summary Judgment is **DENIED**.

## Factual and Procedural Background

¶ 2.    The Plaintiffs[1] initially filed this action on October 21, 2013 as a Petition for Writ of Mandamus claiming standing to seek relief as taxpayers under Title 5 V.I.C.§ 80. In substance, the Petition alleged that the Government of the Virgin Islands, through its executives, administrators and agencies, failed to carry out the mandate of Act # 4844 as codified in Title 17 V.I.C. § 41(c), by their failure to implement Virgin Islands History and basic Caribbean History in the public school curriculum. Accordingly, the Governor of the Virgin Islands, the Commissioner of Education and the Department of Education were made Respondents[2] to the action. The Petitioners contended that this statute requires the teaching of Virgin Islands and Caribbean History at all grade levels, K through 12.

¶ 3.    On November 25, 2013, the Respondents, then Governor John de Jongh and Acting Commissioner of Education, Donna Frett-Gregory filed their opposition to the Petition. In their opposition, the Respondents argued that the Writ of Mandamus is inappropriate because it would require the Court to command public officials to carry out discretionary acts, since they had fulfilled their legal duties by implementing the curriculum as it then existed. The Respondents also argued that the Petitioners had failed to meet the standards for mandamus because they had other available remedies. Further, the Respondents challenged the Petitioners' claim of tax-payer standing pursuant to Title 5 V.I.C. § 80. In addition, the Respondents challenged Petitioners' assertion of jurisdiction pursuant to Title 17 V.I.C. § 262.

---

[1] After Plaintiff Mary Moorhead appealed an order of the Superior Court dismissing the action, the VI Supreme Court remanded, stating that mandamus relief was unavailable because Petitioners had other available remedies. The Plaintiffs are currently engaged in this action as Plaintiffs seeking injunctive relief rather than Petitioners seeking relief under a petition for mandamus as initially filed.

[2] The Parties are identified as Petitioners and Respondents in relation to the proceedings under the "Petition for Mandamus" as initially filed but as Plaintiffs and Defendants in relation to the current proceedings under the First Amended Complaint where Plaintiffs seek relief under Title 5 VIC § 80.

¶ 4.    On March 11, 2014, the Petitioners requested a status hearing on the Writ of Mandamus. On June 26, 2014 the Superior Court, as per Judge Douglas A. Brady, entered an order denying the Petition for Mandamus and denying Petitioners' motion for a hearing as moot, thereby dismissing the action. Petitioner, Mary Moorhead filed an appeal with the Virgin Islands Supreme Court. The Supreme Court issued its opinion on April 14, 2015, finding that the Superior Court erred when it dismissed the action on the denial of the writ of mandamus without considering Petitioners' right to relief under Title 5 V.I.C. § 80. The Supreme Court reversed the order dismissing the action and remanded to the Superior Court for further proceedings.

¶ 5.    On remand, the Superior Court dismissed the claim for mandamus relief but reinstated the claim for relief under sec. 80. Subsequently, the Court granted the Plaintiffs' leave to amend the complaint to add new Plaintiffs and to substitute new Defendants to reflect the individuals who held the offices of Governor and Commissioner of Education. The Plaintiffs also added the Board of Education as a necessary party Defendant. Despite urging by the Court, the Parties failed to reach an amicable resolution and the Court scheduled the trial of the matter for March 16, 2020. On February 7, 2020, the Defendants, Gov. Albert Bryan, and Commissioner of Education, Raquel Berry-Benjamin, filed their Motion for Summary Judgment. Although the Plaintiffs did not directly file an opposition to the Motion for Summary Judgment, they filed a Trial Memorandum on March 6, 2020 through which they registered their opposition to summary judgment. The Court conducted a Final Pretrial Conference on March 10, 2020 at which time it heard arguments on the Motion for summary Judgment.

## DISCUSSION

### A. Summary Judgment

¶ 6.    A court should only grant summary judgment when the pleadings, the discovery and disclosure material on file, and any affidavits, show there is no genuine issue as to any material fact. *Williams v. United Corp.,* 50 VI 191, 194 (VI 2008). A genuine issue of material fact exists if the evidence is such that a reasonable trier of fact could return a verdict for the non-moving party. *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986). A material fact is one that will affect the outcome of the case under applicable law. *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 247 (1986). When reviewing the record, the court must view the inferences to be drawn from the underlying facts in the light most favorable to the nonmoving party and take the nonmoving party's conflicting allegations as true if supported by proper proofs. *Simpson v. Golden Resorts,* LLLP, 56 VI 597, 617 (VI 2012). To survive a motion for summary judgment, the nonmoving party's evidence must amount to more than a scintilla but may amount to less than a preponderance. *Id.*

¶ 7.    When a nonmoving party fails to object or otherwise oppose a motion for summary judgment, the court must still inquire whether the facts therein entitle the movant to relief as a matter of law. *Martin v. Martin,* 54 VI 379, 389 (VI 2010) (*citing Anchorage Ass'n. v. V.I. Board of Tax Review.,* 922 F.2d. 168(3rd. Cir.1992)).

### B. The Factual Contention of the Parties

¶ 8.    In their Motion for Summary Judgment, the Defendants first contend that the Plaintiffs, in their amended complaint, abandoned their claim under Title 5 V.I.C. § 80 and rely exclusively on their claim for mandamus relief. However, this Court notes that the Plaintiffs titled their amended pleading "First Amended Complaint" as opposed to "Petition for Writ of Mandamus" by which they titled their original pleading. Moreover, in numbered paragraph 3, of the First Amended Complaint,

the Plaintiffs represent that they are appearing individually and otherwise, pursuant to the provisions of Title 5 V.I.C. § 80. While the Plaintiffs are self-representing litigants who do not possess the artful drafting skills of lawyers, their First Amended Complaint sufficiently puts the Defendants on notice that they were proceeding under Title 5 VIC § 80.

¶ 9.    To support the motion for summary judgment the Defendants submitted the U.S. Virgin Islands Social Studies Curriculum Guide, in addition to the affidavits of Victor Somme, Assistant Commissioner of the Department of Education, and Milton Potter, Executive Director for the Virgin Islands Board of Education.

¶ 10.    In their presentation of facts, the Defendants outlined the expectations that were to be achieved at the various grade levels under the Cultural Education/Social Standards as defined by the 2013, Board of Education Meeting Report. The affidavit of Milton Potter makes references to promotional policies, promotion and retention, grading, graduation requirements, cultural education and the infusion of social studies standards as adopted by the Board. The affidavit of Victor Somme states summarily that the Department of Education adheres to the Curriculum Guide to the best of its ability and has adopted measures to monitor teacher compliance.

¶ 11.    The Social Studies Curriculum Guide was developed in 1986 and is a broad and generalized guide to the adopting a Social Studies Curriculum. It introduces Virgin Islands and Caribbean History and Civics Integration at the Ninth Grade level.

¶ 12.    The substance of the Plaintiffs' claim is that the Defendants have failed to comply with Act No. 4844 by their failure to implement V.I. History and basic Caribbean History into the public school curriculum for Grades K through 12. The representations of the summary judgment motion, the affidavits of Potter and Somme and the Social Studies Curriculum Guide have not presented the factual evidence to demonstrate the absence of a factual dispute regarding the issue of the

implementation of the History Curriculum. While there is evidence that there is a framework for the teaching of Social Studies, the Defendants have presented no facts from which the Court can determine that the History Curriculum has been implemented that satisfies the requirements of the statute.

¶ 13.	The party moving for summary judgment possesses the initial burden of identifying evidence indicating that there is an absence of any issue of material fact. *Martin at 391*. If the moving party fails to carry its burden of production, the nonmoving party has no obligation to produce anything even if the nonmoving party would have the ultimate burden of persuasion at trial. *Id.*

¶ 14.	To support their challenge to the Motion for Summary Judgment the Plaintiffs provided the Board of Education Management and Accountability Report dated November 5, 2010. The report contains the following statement:

> The lack of a meaningful learning experience that reflect the historical and cultural connectors for our children is creating a deep void in their psyche and is damaging our children profoundly.

¶ 15.	During the hearing on March 10, Plaintiff, Mary Moorhead represented to the Court that she is a member of the Board of Education and the Board has never adopted a V.I. History and basic Caribbean History Curriculum for implementation into the V.I. Public Schools according to the provisions of Act No. 4844. The Defendants insist that the 1986 Curriculum Guide evidences the Defendants' compliance with Act. No. 4844. However, the 2010 Board of Education Management and Accountability Report makes references to the "lack of meaningful historical and cultural connectors within the learning experience". These representations put conflicting evidence before the Court. This conflicting evidence confirms that there are factual disputes that go to the heart of the matter before this Court. Where there are conflicting pieces of evidence in the record, a court cannot independently weigh the evidence to resolve the conflict and must accept as true the

evidence that is most favorable to the nonmoving party so long as it is supported by proofs. *Rhymer*

*v. Kmart Corp.*, 68 VI 571, 617 (VI 2018).

¶ 16.     In addition, resolving the conflict will require this Court to make credibility determinations. A

court may not make credibility determinations at the summary judgment stage. *Brodhurst v. Frazier*,

47 VI 365, 397 (VI 2012). If a credibility determination is necessary as to the existence of a material

fact, a grant of summary judgment is improper. *Id.*

### C. The Writ of Mandamus

¶ 17.     The Defendants, in requesting summary judgment, rely on the proposition that the Plaintiffs are

seeking mandamus relief. The V.I. Supreme Court's opinion which remanded this matter found

mandamus relief was unavailable to the Plaintiffs. Since it is obvious that the Plaintiffs, in their

amended complaint, are no longer seeking mandamus relief this Court will not address that issue

further.

## CONCLUSION

¶ 18.     A party seeking summary judgment has the initial burden of establishing the absence of a

factual dispute. Whether a curriculum has been implemented to satisfy the requirements of Act No

4844 is a question of fact. The Defendants have failed to meet their initial burden and there is

conflicting evidence that confirm a factual dispute. In light of the above discussion, the Defendants'

Motion for Summary Judgment is **DENIED**.

**DONE AND SO ORDERED** this _____ day of March 2020

**ATTEST**

**HONORABLE JOMO MEADE**
JUDGE OF THE SUPERIOR COURT

**TAMARA CHARLES**
Clerk of the Court

BY: _____
Clerk Supervisor

7